# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JOHN LUTTRULL (#567816)**  CIVIL ACTION NO.

**VERSUS**  20-311-BAJ-EWD

**DARRYL VANNOY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 10, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN LUTTRULL (#567816)                    CIVIL ACTION NO.

VERSUS                                      20-311-BAJ-EWD

DARRYL VANNOY, ET AL.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Complaint of John Luttrull ("Plaintiff"), who is representing himself and is confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana.[1] Based on the screening process for such complaints, it is recommended that any claim for monetary damages against Darryl Vannoy and James LeBlanc ("Defendants") in their official capacities be dismissed with prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A and that this matter be referred to the undersigned for further proceedings on Plaintiff's remaining claims for injunctive relief and monetary damages against Defendants in their individual capacities arising from Defendants' alleged violations of Plaintiff's rights secured in the First Amendment and by the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, *et seq.* ("RLUIPA").[2]

### I.   Background

Plaintiff instituted this action against Defendants under 42 U.S.C. § 1983 alleging Defendants have infringed upon his First Amendment right to freely exercise his religion.[3] Plaintiff alleges he is a faithful servant of the Yahweh Evangelical Assembly but has been denied the diet required by his religion, as well as the ability to congregate with other members and to

---

[1] R. Doc. 1.
[2] Plaintiff's Memorandum of Law in Support of Judicial Review, which is interpreted to be an amended complaint given Plaintiff's *pro se* status, is sufficient to state a claim under RLUIPA. R. Doc. 5.
[3] R. Doc. 1.

purchase books and other teaching materials consistent with his religion.[4] Plaintiff seeks injunctive and monetary relief.[5]

## II. Law & Analysis

### A. Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim against a governmental entity or an officer or employee of a governmental entity that is frivolous, malicious, or fails to state a claim upon which relief may be granted. The statutes impose similar standards for dismissal.[6] Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[7] A claim has no arguable basis in law if it is based upon a meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[8] The law gives judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the rare power to pierce the veil of the factual allegations.[9] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[10]

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[11] Accordingly, the court must accept all well-pleaded facts as true and view them in

---

[4] R. Doc. 1, pp. 4-7.
[5] R. Doc. 1, p. 8.
[6] Plaintiff was granted permission to proceed *in forma pauperis* on June 18, 2020 (R. Doc. 3) so both statutes apply.
[7] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[8] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[9] *Denton,* 504 U.S. at 32.
[10] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[11] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).

the light most favorable to the plaintiff.[12]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[13]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]  Dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[15]

### B. Plaintiff Cannot State a Claim for Monetary Damages against Defendants in Their Official Capacities

Though it is not clear that Plaintiff intended to sue Defendants in both their official and individual capacities, to the extent he brings a claim for monetary damages against Defendants in their official capacities, Plaintiff cannot state a claim as a matter of law.  42 U.S.C. § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983.[16]  In addition, in *Hafer v. Melo*,[17] the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that an official capacity suit against a state official for monetary damages is treated as a suit against the state and is, therefore, barred by the Eleventh Amendment.[18] Accordingly, any § 1983 claims asserted by Plaintiff against Defendants in their official capacities for monetary

---

[12] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[14] *Id.*
[15] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

damages are subject to dismissal.[16] Plaintiff's claims for monetary damages against Defendants in their individual capacities, as well as his claims for injunctive relief, arising from alleged violations of Plaintiff's rights secured by RLUIPA and the First Amendment, however, should survive dismissal.[17]

## RECOMMENDATION

**IT IS RECOMMENDED** that to the extent Plaintiff asserts claims for monetary damages against Darryl Vannoy and/or James LeBlanc in their official capacities, such claims be dismissed with prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and that this matter be referred to the undersigned for further proceedings on Plaintiff's remaining claims for injunctive relief and monetary damages against Defendants in their individual capacities arising from Defendants' alleged violations of Plaintiff's First Amendment right to free exercise of his religion and his rights secured by the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, *et seq*.

Signed in Baton Rouge, Louisiana, on May 10, 2021.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] *See Landry v. Lollis*, No. 19-520, 2019 WL 5777755, at *2 (M.D. La. Oct. 8, 2019), *report and recommendation adopted*, No. 19-520, 2019 WL 5777388 (M.D. La. Nov. 5, 2019).

[17] Reading Plaintiff's Complaint liberally, he appears to be alleging that he has been wholly denied the practice of his religion, as he has not been able to conform to the dietary needs of his religion and has not been able to receive study materials or other literature. *See* R. Doc. 1, p. 8. Further, based upon Plaintiff's allegations, his struggle in obtaining approval for his religious diet and in receiving literature is, at least in part, due to the policies of the Department of Corrections and Louisiana State Penitentiary. R. Doc. 1, p. 5. Thus, LeBlanc and Vannoy would be proper Defendants.