# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JOHN LUTTRULL (#567816)**          **CIVIL ACTION NO.**

**VERSUS**          **20-311-BAJ-EWD**

**DARREL VANNOY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 18, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN LUTTRULL (#567816)                          CIVIL ACTION NO.

VERSUS                                            20-311-BAJ-EWD

DARREL VANNOY, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss ("Motion"), filed by Defendants Darrel Vannoy and James LeBlanc ("Defendants").[1] Plaintiff John Luttrull ("Luttrull") has not filed an opposition memorandum. While it is recommended that the Motion be granted, it is also recommended that Luttrull be given an opportunity to amend his complaint to correct the deficiencies raised by the Motion, if possible.

### I. BACKGROUND

Luttrull, who is representing himself and who is confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana, brought this suit under 42 U.S.C. § 1983 alleging that Defendants have infringed on his First Amendment right to freely exercise his religion.[2] Luttrull alleges he is a faithful servant of the Yahweh Evangelical Assembly, who has been denied the required diet, as well as the ability to congregate with other members and to purchase books and other teaching materials consistent with his religion.[3] He seeks injunctive and monetary relief.[4] This Court has already dismissed Luttrull's claims for monetary relief against Defendants in their official capacities.[5]

---

[1] R. Doc. 13.
[2] R. Doc. 1.
[3] R. Doc. 1, pp. 4-7.
[4] R. Doc. 1, p. 8.
[5] R. Docs. 6 & 8. Though inadvertently omitted from the summary of claims that remain before this Court, the Court only dismissed the claims for monetary relief against Defendants in their official capacities; thus, Luttrull's claims for injunctive relief against Defendants in their official capacities remain.

## II.  LAW & ANALYSIS

### A. Standard of Review

In *Bell Atlantic Corp. v. Twombly*,[6] and *Ashcroft v. Iqbal*,[7] the Supreme Court clarified the standard of pleading that a plaintiff must meet to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[8] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"[11] "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[12]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint."[13] Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[14] Additionally, the federal pleading rules simply require a "short and plain statement of the claim showing that the

---

[6] 550 U.S. 544 (2007).
[7] 556 U.S. 662 (2009).
[8] *Twombly*, 550 U.S. at 555.
[9] *Iqbal,* 556 U.S. at 678.
[10] *Id.*
[11] *Id.* at 679.
[12] *Id.* at 678 (internal quotation marks omitted).
[13] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[14] *Id.* (citation omitted).

2

pleader is entitled to relief."[15] The task of the court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted.[16] Still, the court need not accept "a legal conclusion couched as a factual allegation,"[17] or "naked assertions [of unlawful conduct] devoid of further factual enhancement."[18]

### B. Defendants are Entitled to Qualified Immunity

To defeat qualified immunity at the motion to dismiss stage, Luttrull must allege, first, that LeBlanc and Vannoy violated his First Amendment rights, and second, that their actions were objectively unreasonable in light of clearly established law.[19] The crucial question in this inquiry is whether "a reasonable official would understand that what he is doing violates [a constitutional] right."[20] "The central concept is that of 'fair warning.'"[21] Luttrull has neither established that LeBlanc or Vannoy violated his constitutional rights, nor has he established that their actions were objectively unreasonable.

First, Luttrull has not pled sufficient facts for this Court to draw a reasonable inference that LeBlanc and Vannoy are liable for the alleged violations, because he has not sufficiently explained their involvement in the alleged deprivation of his constitutional rights.[22] The only fact alleged to demonstrate that either Vannoy or LeBlanc had any knowledge that Luttrull was being denied the

---

[15] Fed. R. Civ. P. 8(a)(2).
[16] *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).
[17] *Papasan v. Allain*, 478 U.S. 265, 286 (1986).
[18] *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).
[19] *Villarreal v. City of Laredo, Texas*, No. 20-40359, 2022 WL 3334699, at *3 (5th Cir. Aug. 12, 2022), citing *Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305–06 (5th Cir. 2020).
[20] *Id.*, citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).
[21] *Id.*, citing *Kinney v. Weaver*, 367 F.3d 337, 350 (5th Cir. 2004) (en banc) (quoting *Hope v. Pelzer*, 536 U.S. 730, 740 (2002)).
[22] In a prior Report and Recommendation in this case, it was suggested that LeBlanc and Vannoy would be proper defendants for Plaintiffs claims. R. Doc. 6, p. 5, n. 17. While LeBlanc, who is the Secretary of the Louisiana Department of Corrections, and Vannoy, who was the warden at LSP where Luttrull is housed, are generally policymakers, the assertion of the qualified immunity defense requires a more detailed analysis of whether Luttrull has alleged sufficient facts in his complaint to overcome the defense. This Report concludes that he has not.

free exercise of his religion is that Luttrull filed a grievance regarding the issue.[23] This Court has previously held that an allegation of receipt and review of an administrative grievance is not enough to show knowledge sufficient to establish a defendant's involvement in the constitutional violation.[24]

Further, to the extent Luttrull claims Defendants are liable because they were "aware that neither Chaplain Sharky nor Chaplain Rentz assisted [Luttrull]" in having the Yahweh Evangelical Assembly added to the list of approved religions at LSP,[25] Defendants are not automatically vicariously liable for the inactions of their subordinates.[26] Absent direct personal participation in the constitutional violation by a supervisor, a plaintiff must be able to establish that the supervisor implemented an unconstitutional policy that directly resulted in injury to the plaintiff,[27] acted with deliberate indifference in failing to enact a policy,[28] or failed to properly train a subordinate employee.[29]

The allegations in the Complaint indicate that Luttrull may be asserting that LeBlanc and/or Vannoy are liable for an unconstitutional policy.[30] To establish liability based on a policy, the

---

[23] R. Doc. 1, pp. 4-5. All factual allegations in the Complaint, as amended, except those specifically discussed in this Report are made against other individuals who are not defendants, such as Chaplain St. Cyr, Chaplain Sharky, Chaplain Rentz. *See* R. Docs. 1 & 5. Additionally, responses to the grievances mentioned by Luttrull and discussed in this Report were not signed by Vannoy or LeBlanc. *See* R. Doc. 1-1, pp. 3-5.

[24] *See Henderson v. LeBlanc*, No. 16-265, 2018 WL 2050149, at *9 (M.D. La. May 2, 2018) (dismissing claims against supervisory defendants because allegations of "nothing more than receipt and review of the ARP" were insufficient to establish the knowledge necessary for a § 1983 claim).

[25] R. Doc. 1, p. 4. Additionally, Luttrull only assumes LeBlanc and Vannoy were aware due to the filing of a grievance, which, as noted, is insufficient for personal involvement or knowledge. R. Doc. 1, p. 4.

[26] *Iqbal*, 556 U.S. 662, 676 (2009); *see also Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.").

[27] *Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987) (noting that liability of a supervisor must be predicated on personal involvement in the violation or the supervisor's personal implementation of a policy that is so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind the violation).

[28] *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir.1992) ("A failure to adopt a policy can be deliberately indifferent when it is obvious that the likely consequences of not adopting a policy will be a deprivation of constitutional rights.").

[29] *Porter*, 659 F.3d at 446.

[30] Luttrull specifically appears to blame on "Department Regulation No. B-08-005 7(G), (2)" as being responsible for the limitations on the exercise of his religion. R. Doc. 1, p. 5. Attachments to the amended complaint also indicate

4

policy must be so deficient that it can be seen as the moving force behind a constitutional violation. Further, "where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault…and the causal connection between the 'policy' and the constitutional deprivation."[31]

To the extent that Luttrull has indicated policies and regulations are causing a constitutional violation,[32] he has failed to adequately describe these policies, rendering his claims subject to dismissal.[33] Even stretching to give Luttrull the benefit of generous interpretation, he has failed to allege facts to establish a constitutional violation. It appears Luttrull is alleging that "Department Regulation No. B-08-005 7(G), (2)" in connection with another potential policy,[34] and the requirement that his religion be listed on his Master Prison Record are,[35] in tandem, causing the alleged constitutional violation about which he complains, but he has failed to adequately describe the polic(ies) or to tie the polic(ies) to either LeBlanc or Vannoy, nor has he shown that the policies are so deficient as to amount to a constitutional violation even if they were enacted by LeBlanc or Vannoy. Based upon the Complaint, as amended, and the attachments, it appears the policies simply require that, prior to allowing a special religious diet and other accommodations, the religion must be on an approved list of religions and the religion must be indicated on the

---

that new regulations regarding religious diet were possibly going to be implemented, but it is unclear what those changes were and how or whether the changes affected Luttrull. R. Doc. 5-1, p. 2. To the extent Luttrull seeks to bring a claim based on any other theory, he should clearly state so in his amended complaint, along with the facts to support the claim as to each Defendant.

[31] *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985). *See also Thompkins*, 828 F.2d at 304-305.

[32] Though Luttrull appears to argue that he is being denied the ability to congregate, receive literature, study his religion, and other religious freedoms, the sole policy mentioned pertains to diet, and Luttrull has wholly failed to tie any of these other alleged violations to Vannoy or LeBlanc; thus, the focus of the rest of this Report is on the alleged denial of Luttrull's religious diet. R. Doc. 1, pp. 6-8.

[33] *Balle v. Nueces County, Texas*, 952 F.3d 552, 559 (5th Cir. 2017) ("To survive a motion to dismiss, a complaint's description of a policy or custom and its relationship to the underlying constitutional violation…cannot be conclusory; it must contain specific facts."). Upon further review, Luttrull has failed to provide any allegations sufficient to survive dismissal.

[34] R. Docs. 1, p. 4 & 5-1, p. 2.

[35] R. Doc. 1-1, p. 3.

5

inmate's Master Prison Record; there are processes for having the religion approved and having it listed on the Master Prison Record.[36] To the extent this is the policy about which Luttrull complains, it is not unconstitutional on its face.[37] Additionally, Luttrull does not allege that any of the pertinent policies were enacted by LeBlanc or Vannoy.

"[W]here the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault…and the causal connection between the 'policy' and the constitutional deprivation."[38] Here, neither Defendant can be held liable on the theory that he implemented an unconstitutional policy when Luttrull only alleges a "single instance in which the" system failed to accommodate an inmate's religion.[39] Luttrull does not allege that any other inmate suffered as a result of the alleged policies.[40] Due to the lack of allegations of personal involvement of either Defendant, lack of facts to indicate the implementation of any policy by either Defendant that was so deficient it constituted a repudiation of constitutional rights and was the moving force of the alleged violation, and

---

[36] *See* R. Doc. 1, p. 5 ("In determining what constitutes legitimate religious practices, the Warden or designee shall consider whether there is a body of literature stating religious principles that support the practices and whether the practices are recognized by a group of persons who share common ethical, moral, or intellectual views.").

[37] *Hale v. Vannoy*, No. 16-355, 2016 7650670, at *p. 3 (M.D. La. Dec. 16, 2016) (dismissing claims against Vannoy because Vannoy was not personally involved in the denial of a religious diet to the plaintiff when the plaintiff's religion was not on the list of religious faiths that were approved to receive special diets). *See also Royal v. Grounds*, No. 10-136, 2011 WL 13183096, at * 4 (W. D. Tex. Sept. 30, 2011) (requiring approval of religious emblems was not facially unconstitutional, and the fact that some groups already had a list of approved medallions did not make the policy unconstitutional as it applied to the plaintiff. The same logic applies here, though religions must be approved, that is not itself unconstitutional, and it is not rendered unconstitutional by the fact that approved religions already exist.); *Hays v. Gastelo*, No. 20-2764, 2021 WL 1749874, at * 3 (C.D. Cal. May 4, 2021) ("A policy requiring prisoners to submit a request prior to receiving religious meals is reasonably related to legitimate penological interest and is not unconstitutional."); *Green v. Paramo*, No. 18-480, 2018 WL 6062359, at *p. 4 (S.D. Cal. Nov. 20, 2018) (recognizing that no precedential authority grants inmates a constitutional right to a speedy application process for religious diets, and concluding that a five-month delay in processing a religious diet application was not a clearly established constitutional violation).

[38] *Tuttle*, 471 U.S. at 824. *See also Thompkins*, 828 F.2d at 304-305.

[39] *See Hauenstein v. Hilton*, 716 Fed.Appx. 359, 360 (5th Cir. 2018) (noting that the supervisory official could not be "held liable on the theory that he implemented an unconstitutional policy when the record shows only a single instance in which the healthcare system at RPDC-I failed to provide adequate medical care.").

[40] *Guillory v. Louisiana Department of Health and Hospitals*, No. 16-787, 2018 WL 1404277, at *p. (M.D. La. March 20, 2018) (dismissing claim of a policy causing a constitutional violation where the plaintiff failed to suggest other inmates suffered as a result of the same failure).

Luttrull's failure to point out any other instance where these policies have caused a constitutional violation, Luttrull's claims against LeBlanc and Vannoy are subject to dismissal.[41] Accordingly, the Motion to Dismiss filed by Defendants should be granted, and Luttrull's claims should be dismissed in their entirety.

However, because Luttrull is representing himself, it is recommended that his claims be dismissed without prejudice, and that he be given leave to amend. "Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."[42] "Granting leave to amend, however, is not required if the plaintiff has already pleaded her best case."[43] Here, Luttrull complains that he has been deprived of his constitutional right to freely exercise his religion so it cannot be said that he would not be able to establish any set of facts that would entitle him to recovery. Rather, he has failed to allege all the facts that would be necessary to state his claim. Although he has already amended his complaint once, it is not clear whether Luttrull has pleaded his "best case." Accordingly, dismissal of Luttrull's claims should be without prejudice, subject to his right to amend.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that the Motion to Dismiss,[44] filed by James LeBlanc and Darrel Vannoy, be **GRANTED** and that Plaintiff John Luttrull's claims against James LeBlanc and Darrel Vannoy be **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that, if the above recommendation is adopted, Luttrull be given twenty-one (21) days from the adoption of this Report and Recommendation, to

---

[41] *Wilson v. Milam County*, 531 Fed.Appx. 531, 532 (5th Cir. 2013) (conclusory allegations that a supervisory individual implemented or oversaw a policy that caused a constitutional violation will not suffice to prevent granting a motion to dismiss).
[42] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed.Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).
[43] *Id.*
[44] R. Doc. 13.

7

file an amended complaint that cures, if and where possible, the deficiencies with his claims as explained in this Report. Luttrull's failure to adequately amend his complaint within the timeframe provided, should convert the dismissal to one with prejudice.[45]

Signed in Baton Rouge, Louisiana, on August 18, 2022.

                                          **ERIN WILDER-DOOMES**
                                          **UNITED STATES MAGISTRATE JUDGE**

---

[45] Because, at this juncture, all claims are subject to dismissal, it is unnecessary to further parse through the claims as urged in the Motion to Dismiss. Further, should Luttrull file a timely amended complaint, the Court will screen the amended complaint to determine whether it states a claim under 28 U.S.C. § 1915(e) and § 1915A. Defendants need not file any response or any further motions until directed by the Court. If the amended complaint corrects the deficiencies outlined in this Report, the case will be reopened, at which point Defendants will be directed to file responsive pleadings. Since Luttrull did not oppose the Motion, if the issues that caused Luttrull to bring this suit have been resolved to his satisfaction, he need not take further action.